1. Although the certificate contains one of the determinations required by Rule 54(b), Fed.R. Civ.P., "an express direction for entry of judg-

Barney W. JOHNSON,
Plaintiff-Appellant,

v.

James WEBB, et al., Defendants,

Gordon W. Smith, Individually and d/b/a
Smitty's Speakeasy Pool Hall,
Defendant-Appellee.

No. 80–3700.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1981.

John A. Occhipinti, New Orleans, La., for plaintiff-appellant.

Carl O. Brown, Jr., New Orleans, La., for defendant-appellee.

Before GEE and RUBIN, Circuit Judges, and SPEARS *, District Judge.

BY THE COURT:

The district court having declined to enter an amended Rule 54(b) certificate on the remand earlier ordered, and the present certificate being insufficient to confer jurisdiction upon us,[1] we DISMISS the appeal for want of jurisdiction.

DISMISSED.

---

ment," it does not contain the required "express determination that there is no just reason for delay." *See M.O.N.T. Boat Rental v. Union Oil Co.*, 613 F.2d 576, 581 n.12 (5th Cir. 1980).